UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| WILLIAM BROMLEY | : | DOCKET NO. 06-2060 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| REPUBLIC FIRE & CASUALTY INSURANCE CO | : | MAGISTRATE JUDGE WILSON |

**REPORT AND RECOMMENDATION**

Plaintiff William Bromley (hereinafter "Bromley") filed the instant lawsuit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana on September 25, 2006. Petition for Damages [doc. # 1]. Made defendant was Republic Fire and Casualty Insurance Company (hereinafter "Republic"). Petition ¶ 1. Bromley alleges that he submitted estimates for repairs to Republic, which did not pay according to the estimates, did not adequately adjust his claims, or adequately pay for the catastrophic losses he suffered from Hurricane Rita, while maintaining that Bromley was adequately paid. *Id*. ¶¶ 2-5.

On November 6, 2006, Republic removed the case to federal court (Notice of Removal [doc. # 4]) on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, and venue in the Western District of Louisiana pursuant to 28 U.S.C. § 1391(a), alleging that "[c]omplete diversity is facially apparent from the pleadings" (*id.* ¶ 13), and that the amount in controversy asserted exceeds the requisite jurisdictional minimum. *Id.* ¶ 21.

On December 6, 2006, Bromley filed a Motion to Remand [doc. # 12], stating that "[a]t this time, Plaintiff's individual damages do not appear to exceed the jurisdictional amount of

$75,000 as required in federal court." Remand ¶ 2.  The Motion is accompanied by an affidavit stating that the value of Bromley's claim is less than $75,000.  Affidavit [doc. # 12-3].

The matter is now before the court.[1]

The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it.  *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961).  In cases removed on the basis of diversity jurisdiction, the removing defendant must show complete diversity of citizenship between the parties, and must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000.  The Fifth Circuit requires that "[t]he defendant . . . make this showing either . . . (1) by demonstrating that it is 'facially apparent' [from the plaintiff's petition] that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit . . . that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (*citing Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326 (5th Cir. 1995).

In this case, Bromley's Petition does not make specific monetary demand, but calls for damages equal to "the full amount of personal property replacement, dwelling coverage, loss of use and additional living expenses" (Petition ¶¶ 9, prayer), and for "penalties in the amount of 50% of the unpaid amount, attorneys' fees and costs under La. R.S. 22:658 (B); and double damages under La. R.S. 22:1220."  *Id.* ¶ 10.  In none of his pleadings does Bromley further specify his demands; he does not amplify his original petition in the Motion to Remand, no other

---

[1] The motion to remand has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

replies have been filed, and it is unclear from the general language of the petition alone whether the amounts Bromley seeks are sufficient to meet the threshold for diversity jurisdiction.

In Louisiana state court cases, plaintiffs are prohibited from alleging a monetary amount of damages in their petitions unless "a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1) (as amended by Acts 2004, No. 334)). However lawsuits on conventional obligations, such as insurance policies, are exempt from the requirement to specify that an insufficient amount for federal jurisdiction is in controversy. La. Code Civ. P. art. 893(B) (as amended by Acts 2004, No. 334). Therefore Bromley is not required to state that there is no basis for diversity jurisdiction, and, in fact, his petition is silent on the issue.

Bromley has not specified the amount of his losses, and it is not "facially apparent" from his petition that there is a sufficient amount in controversy to provide a basis for diversity jurisdiction. Republic must therefore show facts to support a finding of the requisite jurisdictional amount, preferably in the removal petition, or by affidavit.

In its Notice of Removal, Republic argues that the total coverage on Bromley's insured premises is $232,200.00, including $129,000 coverage on the dwelling (*id.* ¶ 16). Republic notes that Bromley has asked for the "full amount of personal property replacement, dwelling coverage, loss of use and additional living expenses" (*id.* ¶ 18), and that as Republic has paid out only $23,225.49 on the dwelling damages (*id.* ¶ 17), the coverage remaining on the dwelling alone is more than sufficient for the jurisdictional minimum. *Id.* ¶ 18. These allegations of policy limits and amounts paid pursuant to the policy are supported by the Affidavit of Republic's Assistant Vice President and Litigation Counsel Elizabeth Gilday [doc. # 4-2, Exhibit

"C"], the "Homeowners Policy Amended Declaration" showing Republic Fire and Casualty as the insurer and Rebecca Bromley as the named insured [doc. # 4-2, Exhibit "D"], and cancelled checks to Rebecca Bromley [doc. # 4-2, Exhibit "E"] paid on September 29, 2005 and December 14, 2005.

Republic further argues that the relief sought under La. R.S. § 22:658 calls for statutory penalties of 50% of the unpaid amounts, and that double damages are called for under La. R.S. § 22:1220.  Republic alleges that these penalties, when calculated on the basis of the remaining unpaid policy limits, equal an amount substantially more than $75,000+.  *Id.* § II.B.  Although Bromley does not ask for damages in the amount of his coverage limits, Republic suggests that in making a demand for the full replacement amount for his personal property and dwelling, Bromley has placed the entire policy limits in controversy.  Opposition to Motion to Remand §§ II.A. [doc. # 14].  Finally, Republic claims that the addition of attorneys' fees raises the total sum in controversy by an appreciable amount, as these are customarily calculated as a contingency fee, and cites cases specifying contingency fees at a rate of 33-1/3% of the amount recovered.  *Id.* § II.C.  Thus, when the penalties and attorneys' fees are taken together with the coverage amounts Bromley seeks under the insurance policy, the total is more than sufficient as an amount in controversy to invoke federal diversity jurisdiction.

Bromley did not refute Republic's arguments regarding insurance coverage, prior payment made on the claim, or the amounts of penalties and fees sought in his Motion for Remand which followed the removal, and he has not filed any other response specifying or limiting his claim.  Republic has met its burden, as required, with facts in its removal petition and in its affidavit and accompanying exhibits showing a sufficient basis for jurisdiction.

Once the defendant has met its burden of proving a sufficient amount in controversy, "[t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864 (5th Cir. 2002) (*citing De Aguilar, supra,* at 1412) (citations omitted)). The plaintiff can establish with legal certainty that he cannot recover more than $75,000 by "identifying a statute, or by filing a binding stipulation with the complaint, that so limits . . . recovery." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 724 (5th Cir. 2002) (*citing De Aguilar,* at 1412).

In the instant case, Bromley has not limited his recovery to an amount less than the jurisdictional minimum. No stipulation so limiting his recovery was filed with the original complaint. In his Motion to Remand, Bromley does not challenge Republic's allegation that the jurisdictional minimum is met on the basis of his claims for full replacement. He fails to cite any law barring his recovery of an amount greater than the jurisdictional minimum. Bromley's sole argument for remand to state court, stated in general, conclusory terms, is that his damages do not appear to be sufficient for federal jurisdiction "at this time" (Remand ¶ 2), as "the value of this claim . . . does not exceed the value of $75,000, exclusive of interests and costs." Affidavit, December 6, 2006 [doc. # 12-3]. Bromley has not furnished any details or proof showing a claim for less than $75,000. The Affidavit is also merely conclusory, with no stipulation that limits Bromley's recovery to less than $75,000, or refuses any amount over $75,000, if such should be awarded. Bromley has therefore failed to show to a legal certainty that he cannot recover more than the jurisdictional minimum.

Accordingly, the undersigned finds that the defendant has established by a preponderance

of evidence that the amount in controversy exceeds $75,000. Therefore, we may properly exercise diversity jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons,

IT IS RECOMMENDED that the plaintiff's motion to remand [doc. # 12] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on March 19, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE